RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUL 23 2014

FILED _____
DOCKETED _____
DATE          INITIAL

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Richard Gary Hall, Jr.
Appellant,

vs.

Jasmine A. Tehrani, et. al.
Appellee(s).

9th Cir. Case No. **14-15003**

Originating Court Case No. **5:09-cv-0057**
**U.S. District Court for Northern California, San Jose.**

# APPELLANT'S INFORMAL BRIEF
(attach additional sheets as necessary)

1. Jurisdiction

    a. Timeliness of Appeal:

    (i) Date of entry of judgment or order of originating court: **March 29, 2013**

    (ii) Date of service of any motion made after judgment (other than for fees and costs): **April 10, 2013**

    (iii) Date of entry of order deciding motion: **November 27, 2013.**

    (iv) Date notice of appeal filed: _____

    (v) For prisoners, date you gave notice of appeal to prison authorities: **December 27, 2013.**

9th Cir. Case No. __14-15003__                                      Page 2

2.   What are the facts of your case?

Appellant's original 14th subsequent parole consideration hearing was scheduled for November 3,2006. Apellant's hearing was cancelled due to no fault of his own when he was required to participate in a psychological evaluation interview conducted by the first of three different psychologist's to prepare an evaluation report for the same parole hearing on Nov.1,2006. Appellant was issued a copy of Dr.Richard Starrett's favorable psychological report in late November 2006.(SAC,EX-N)

Appellant was required to participate in a second psychological evaluation on Febuary 20,2007. His rescheduled parole hearings of April 6,2007 and Oct.3,2007 had to be postponed because the second psychological report had not materialized,in addition to other procedural due process violations. On March 3,2008,about thirty-days before his rescheduled hearing of April 2,2008,appellant was unreasonably required to participate in a third psychological evaluation conducted by defendant James P.Murphy. Prior to the defendant's interview,appellant had exercised his protected conduct to file prison grievance's,as well as a petition in the State Court to properly challenge the repeat misprocessing of his case to go before the parole board. At the onset of his interview with the defendant,appellant was advised by the defendant that he had reviewed all the grievance's previously filed by appellant stored in his permanent prison Central File.

## Cont.2.What are the facts of your case?

At the conclusion of the interview, defendant Murphy asked Appellant could he borrow his "achievement portfolio" to assist him in completing his evaluation report.(SAC at 3-4,id.at p.3A;EX-C).

Appellant received defendant Murphy's completed psychological report on March 25,2008,just seven days before his parole hearing. Upon review of the report,appellant noted that it contained not only inaccurate,but false information. Further,appellant also noted that the defendant's report attacked him for exercising his protected conduct through his literary and published editorial cartoon works as a profession.

At which time,appellant realized he had accrued a cause of action due to the alleged retaliatory nature of the false psychological report that defendant Murphy had maliciously created to be relied upon as evidence by the parole board at his upcoming hearing. After the defendant's alleged retaliatory psychological report was substantially relied upon by the parole board to find appellant unsuitable,and deny him liberty.

Appellant properly attempted to contact defendant Tehrani,in an effort to get her to at least conduct a minimal investigation into the matter to no avail. Appellant's efforts were ignored. (SAC.at 3A,EX-C,at 17; id.EX-F at p.107)

3. What did you ask the originating court to do (for example, award damages, give injunctive relief, etc.)?

**Appellant sought punative/compensatory relief from defendant Murphy in the amount of $50,000 for allegedly violating his Constitutional rights. $1 from defendant Tehrani for her alleged supervisory role. Appellant also sought declaratory relief because the alleged retaliatory action against him violated both state and federal law, both state and federal Constitutions. Appellant sought protection for exercising his right to file this lawsuit. And injunctive relief against risk assessments.**

4. State the claim or claims you raised at the originating court.

**Appellant asserted that defendant's retaliated against him by creating a false psychological report because appellant filed prison grievances, exercised his right to petition the court, exercised his right to create literary and editorial cartoon works.**

5. What issues are you raising on appeal? What do you think the originating court did wrong?

**(A). Appellant alleges that the District Court abused its discretion by disregarding clearly established California law, and the official determination of the State on November 8, 2010, through its "Office of Administrative Law(OAL)(OAL File No.CTU-2010 -0506-03). Which ruled that the psychological report process maliciously facilitated upon appellant by defendant's was**

## 5.Continued:

an unenforceable underground regulation that had not been authorized in compliance with the California Administrative Procedure Act(APA).

(B).That the District Court allegedly further prejudiced appellant by not allowing him to pursue highly necessary discovery in order to properly defend against defendant's motion for summary judgment. This was because the District Court allowed defendant's to use constitutionally protected prison grievances exhausted and maintained in his permanent prison file as evidence that appellant would pose a moderate threat of specifically committing a violent crime should he be released from prison. Aside from causing an alleged permanent chilling affect because such prison grievances cannot be expunged to prevent a future psychologist from ambiguously claiming already exhausted prison grievances maintained in appellant's permanent prison file are reliable evidence of future criminality,especially future violence to justify denying appellant his interest in liberty.

(C). The District Court further allegedly abused its discretion when it failed to rule on the merits of appellants motion requesting sanctions against defendant Murphy and Dr.Cliff Kusaj(non-party) for unlawfully invoking privilege on May 5,2011,the same day the State's Office of Administrative Law(OAL) disapproved their principals proposed "Risk Assessments for Life Inmate's"such as appellant. Yet Dr.Kusaj was protected and improperly allowed by the District Court to invoke

## 5.Continued:

official privilege to protect information/psychological tests that the state did not authorize either Dr.Kusaj'principal or himself to administer upon life inmate's such as appellant,nor his subordinates as of May 5,2001.

(D). The District Court also allegedly abused its discretion by failing to rule on the merits or appellant's motion for reconsideration in a timely manner. While such a motion was still pending appellant sustained irreparable injury when the defendant's alleged retaliatory psychological report,including false information contained therein, was significantly relied upon the reverse appellant's parole. When the District Court finally disposed of such a motion over seven (7) months after it was filed in a timely manner by appellant on April 10,2013,the Court failed to properly address the genuine dispute between the psychological report completed by Dr.Richard Starrett, Ph.D.,Ph.D.and the alleged retaliatory psychological report crafted by the defendant(s) for the exact same parole hearing.

(E). The District Court also abused its discretion by ignoring direct evidence contained in its order of September 17,2012,setting forth the findings of its own "In Camera"review. Which showed that defendant Murphy deliberately included information known to his,or should have been known to him to be false in the alleged retaliatory psychological report that was relied upon as genuine and true.

(F). The District Court improperly granted defendant's qualified immunity when it disregarded clearly established law,that did not authorized

## 5.Continued:

the defendant's to coersively enforce a psychological evaluation,which impinged upon appellant's consititution right to privacy regarding the disclosure of his personal information regarding his private matters,to be used via inappropriate psychological tests without appellant's knowledge and consent to cause adverse consequence to his liberty interest.

9th Cir. Case No. __14-15003__                                  Page 4

6.  Did you present all issues listed in #5 to the originating court?

    __Yes__    If not, why not?
    Yes/No

7.  What law supports these issues on appeal?
    (You may, but need not, refer to cases and statutes.)

    **California Civil Code, Sections: 1798.1(a-c); 1798.45; 2312-2313; 2338; 2339; 2343; Cal. Government Code, Sections: 11340.5(a); 11342.600; 11346; California Code of Regulations, section 250(a)-Title 1; State of California-Office of Administrative Law(OAL) Determination No.27. (OAL File No.CTU2010-0506-03); California Code of Regulations, section 3361(c) and 3450, Division-3; California Code of Regulation, sections 2240 and 2402, Division-2. Cal. Penal Code, section 132 and 134.**

9th Cir. Case No. **14-15003**  Page 5

8. Do you have any other cases pending in this court?
   If so, give the name and docket number of each case.

   **NO**

9. Have you filed any previous cases which have been decided by this court?
   If so, give the name and docket number of each case.

   **HALL V.Leverse,et.al.case number 10-17074**

10. For prisoners, did you exhaust all administrative remedies for each claim prior to filing your complaint in the district court?

    **There are no available administrative remedies to challenge psychological reports completed on California life inmate's, or to contest the unlawful/unconstitutional practices of psychologist employed by the Forensic Assessment Division(FAD).**

_Richard Gary Hall,Jr. C-07278_
Name

Signature

Correctional Training Facility
P.O.Box 689,YW-343up
Soledad,California 93960-0689
Address

July 20,2014
Date

# CERTIFICATE OF SERVICE

Case Name: __HALL__ v. __TEHRANI, et. al.__

9th Cir. Case No.: __14-15003__

IMPORTANT: You must send a copy of ALL documents filed with the Court and any attachments to counsel for ALL parties in this case. You must attach a copy of the certificate of service to each of the copies and the original you file with the Court. Please fill in the title of the document you are filing. Please list the names and addresses of the parties who were sent a copy of your document and the dates on which they were served. Be sure to sign the statement below.

I certify that a copy of the __APPELLANT'S INFORMAL BRIEF__
(title of document you are filing)
and any attachments was served, either in person or by mail, on the persons listed below.

Signature
Notary NOT required

| Name | Address | Date Served |
|---|---|---|
| Kamala Harris-Attorney General | 455 Golden Gate Avenue, Suite 11000 San Francisco, CA 94102-7004 | |